UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **ASIA MALVEAUX**<br>Plaintiff | CIVIL ACTION NO. 6:14CC2535 |
| **VERSUS** | JUDGE DOHERTY |
| **CITY OF BROUSSARD, ET AL**<br>Defendants | MAGISTRATE JUDGE WHITEHURST |

*******************************************************************************

## PLAINTIFF'S REPLY TO DEFENDANT, BRANNON DECOU'S, ASSERTION OF QUALIFIED IMMUNITY

Plaintiff, Asia Malveaux, replying to defendant, Chief Brannon Decou, answer asserting Qualified Immunity in the answer to the complaint and pursuant to an order from this court, requiring such a reply, says as follows:

1. That the defendant herein, Brandon Decou, in his position as Chief of Police for the City of Broussard, prior to the incident at bar, was advised by department personnel that the defendant, Officer Henry Bates, had been accused of improper contact with minor females at the Celebrity Theater while providing security under the auspices of the Broussard Police Department.

2. That an investigation conducted by department personnel inclusive of interviews with the minor female employees and staff of the theater confirmed inappropriate conduct by the defendant, Officer Henry Bates.

3. That pursuant to said investigation the defendant, Brandon Decou, counseled the defendant, Henry Bates, and thereafter removed him from duty at Celebrity Theater and administratively banned him from working there in the future.

4. That despite the aforesaid knowledge the defendant, Brandon Decou, in his capacity as Chief of Police of the City of Broussard, assigned, despite the previous confirmed allegations of improper conduct with minor females, the defendant, Henry Bates, to Broussard Middle School as a Resource Officer.

5. That the aforesaid assignment exposed the minor females at that location to a person wearing a uniform of the Broussard Police Department, who had shown a predilection or propensity for inappropriate conduct with minors.

6. That by virtue of the assignment to Broussard Middle School by Chief Decou, the defendant, Henry Bates, was able to further his inappropriate contact with minor females, such as the plaintiff herein and others as will be shown by testimony.

7. That the assignment of the defendant, Henry Bates, to Broussard Middle School, constituted the transfer of a predator to another environment containing the same or greater opportunities for inappropriate conduct involving minors.

8. That the actions of the defendant, Brandon Decou, while fully aware of the documented findings from the theater incident, constituted deliberate indifference to the minor females at Broussard Middle School as he deliberately and purposely exposed them and the plaintiff herein to a predator or one who had been shown to have a predilection for inappropriate conduct with minor females.

Wherefore, plaintiff Mover prays that the aforementioned reply in opposition to the assertion of qualified immunity be deemed sufficient denying the defense asserted by the defendant with judgment be as prayed for in the complaint.


RESPECTFULLY SUBMITTED

_____
TRAVIS L. MOSE #28843
ROYALE L. COLBERT, JR., #27412
110 TRAVIS ST
LAFAYETTE, LA 70503
PHONE: (337) 889-0624
FAX: (866) 896-6803
moselaw@hotmail.com
royalecolbert@gmail.com